ARMANDO A. MIRANDA, Appellant, v. REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 891. Submitted July 5, 1933.—Decided July 14, 1933.

*Armando A. Miranda* for appellant.   The registrar did not appear.

Mr. Justice Aldrey delivered the opinion of the Court.

In an action brought by Attorney Armando A. Miranda against the unknown heirs of Rufino Alicea Erazo, the marshal attached the interest which the defendants or their ancestor might have in property No. 236, volume 5 of Bayamón, folio 214, seventh inscription, and the registrar noted the attachment as regards the mention of a mortgage for $1,200 made in the registry in favor of Rufino Alicea.   In order to satisfy the judgment of recovery rendered in that action, the marshal sold and awarded to the plaintiff the interest which the defendants might have in said property, and executed the corresponding deed, which the registrar refused to record on the ground that according to the eighth inscription, there existed only a mention of a mortgage right in favor of Rufino Alicea Erazo.

The present appeal has been taken from such refusal. The only ground urged for a reversal of the registrar's decision is section 29 of the Mortgage Law, which reads thus:

"Ownership or any other property right expressly mentioned in records or cautionary notices, although not appearing in the registry as a separate and special record, shall be effective against third persons from the date of the entry made upon presentation of the instrument.

"The provisions of the foregoing paragraph shall be understood without prejudice to the obligation of specially recording such interests or to the liability which may be incurred by a person who must request the record in certain cases."

That section has no application to the instant case, since it does not say that the mention of an interest may be recorded in the name of another person who may acquire the mentioned interest, but that the mention in the registry of the ownership or any other property right shall prejudice a third

person. On the contrary, its second paragraph provides that the provisions of the first shall be understood without prejudice to the obligation of specially recording such interests. Section 29 limits the effect of the mention to prejudicing a third person, precluding him from alleging want of notice, and that is its only effect, clearly revealed by the words of the first paragraph and confirmed by those of the second, which imposes the obligation of specially recording said interests. Galindo, volume 2, page 311. Therefore, the recording of a mentioned interest is necessary where the title is to be produced in court in order to assert some right, or where it is sought to alienate or encumber said interest, as that section does not contemplate making the mention of an interest equivalent to its record. The mention is a mere notice entered by the registrar of the existence of an unrecorded interest. It is a warning with respect to an interest but not the creation of an interest which already exists, although unrecorded; and hence it is not included among the titles subject to record according to section 2 of the Mortgage Law. The registrar acted correctly in refusing to record the deed involved in this administrative appeal.

The decision appealed from must be affirmed.